UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

AMY BLEILE,
an individual,

    Plaintiff,

CASE NO:   3:18-CV-813

vs.

THE PATIO OF MARSHFIELD, INC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Amy Bleile ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues THE PATIO OF MARSHFIELD, INC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Wisconsin pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Wisconsin.

3. Plaintiff, Amy Bleile (hereinafter referred to as "Bleile") is a resident of Whitewater, Wisconsin and is a qualified individual with a disability under the ADA. Bleile suffers from what constitutes a "qualified disability" under the Americans with Disabilities

Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy and requires the use of a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Bleile visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Bleile continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, THE PATIO OF MARSHFIELD, INC, is a corporation registered to do business and, in fact, conducting business in the State of Wisconsin. Upon information and belief, THE PATIO OF MARSHFIELD, INC, (hereinafter referred to as "TPOM") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: The Pine Cone Restaurant, located at 665 Linmar Lane, in Johnson Creek, Wisconsin (hereinafter referred to as "Restaurant").

5. All events giving rise to this lawsuit occurred in the Western District of Wisconsin.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by TPOM is a place of public accommodation in that it is a restaurant operated by a private entity that provides goods and services to the public.

8. Defendant, TPOM, has discriminated and continues to discriminate against the

2

Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Restaurant owned by TPOM. Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA. Bleile has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. TPOM is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

   i. There are an insufficient number of accessible parking spaces in the parking area.

   ii. The two accessible parking spaces located to the right of the right-side entry have running slopes that are too steep for a wheelchair user and have no accessible signage.

    iii.    The accessible parking spaces to the left of the left side entry have no access aisles for a wheelchair user and no accessible signage.

    iv.    There are no van accessible parking spaces provided.

    v.    The curb ramp that accesses the left side entry has a running slope and flared sides that are too steep for a wheelchair user.

    vi.    At the right-side entry there is insufficient maneuvering space at the door. (The door cannot be opened from the exterior.)

    vii.    At the left side entry there is insufficient maneuvering space at the door. (The door cannot be opened from the exterior.)

    viii.    In the left side dining area there is no wheelchair accessible seating.

    ix.    In the right-side dining area there is no wheelchair accessible seating.

    x.    There is no accessible signage for the either Men's or Women's toilet room entry doors.

    xi.    There is insufficient maneuvering space at the entry door to the Women's toilet room for a wheelchair user.

    xii.    The checkout counter at the bakery is too high for a wheelchair user.

12.    There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by TPOM that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, TPOM was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, TPOM has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by TPOM pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against THE PATIO OF MARSHFIELD, INC, and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 30th day of September, 2019.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
      Edward I. Zwilling, Esq.
      Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Law Office of Edward Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com